THEODORE BAKER, PLAINTIFF, v. SILVER ROSE DEVELOPING AND REALTY COMPANY, A CORPORATION, AND SAMUEL SILVERMAN, DEFENDANTS.

Submitted January term, 1929—Decided May 8, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the rule, *Leo E. Duff*.

*Contra, Armstrong & Mullen*.

PER CURIAM.

The plaintiff obtained judgment for personal injuries and property damage against the defendants in the amount of $1,600. The case comes up on defendants' rule to show cause.

The reasons as filed enumerate five points, namely, that the verdict was contrary to the weight of the evidence; that the evidence did not prove negligence on the part of the defendants; that the evidence did prove the plaintiff guilty of contributory negligence; that the verdict of the jury was excessive, and that the verdict was actuated by mistake, passion, prejudice and partiality.

Defendants' counsel argues vigorously that the defendants were not in any way participants in plaintiff's injuries, and that if the accident was caused by a car, it was a car of some persons other than the defendants. However, there is persuasive evidence that the damage was caused by the car driven by defendant Silverman and owned by his co-defendant.

Defendants' counsel also contends that the verdict was the result of a religious prejudice against Mr. Silverman and was the result of mistake. There was not a word in the com-

plete record to sustain the contention of religious prejudice or prejudice of any character.. The argument is entirely without a vestige of support in the record.

We have examined the entire testimony in the light of the reasons as filed and of defendants' brief, and find no cause for granting a new trial.

The rule, therefore, will be discharged, with costs.